**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

Criminal Case No. 19-20321

Derrick Potter,

Sean F. Cox
United States District Court Judge

Defendant.
______________________/

**OPINION & ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Derrick Potter ("Defendant") was convicted of a drug offense and is currently serving a 46-month sentence. The matter is currently before the Court on Defendant's Motion for Compassionate Release, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The motion is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. This Court imposed a sentence of 46 months. (*See* 10/22/20 Judgment, ECF No. 145).

Defendant began serving his sentence on August 10, 2021. His earliest projected release date is November 13, 2024.

On April 27, 2020, Defendant filed his *pro se* Motion for Compassionate Release. (ECF

No. 233). Defendant is a 51 year-old black male. His motion contends that the COVID-19 pandemic, combined with his alleged health conditions, that include hypertension obesity, and end state renal disease, constitutes an extraordinary and compelling reason for his immediate release from prison.

The Government asserts that Defendant has not fully exhausted his administrative remedies. It does not ask the Court, however, to dismiss the motion without prejudice. Rather, the Government opposes Defendant's motion on the merits and asks the Court to make a ruling on it. The Government's briefs notes that Defendant is now fully vaccinated and that Defendant's health conditions were known to the Court when it sentenced Defendant. The Government further notes that Defendant is incarcerated at MCFP Springfield, a dedicated BOP medical unit with 24-hour medical and nursing care, stating::

> Potter is incarcerated at the MCFP Springfield. MCFP Springfield is a dedicated BOP medical unit with 24-hour medical and nursing care. *United States v. Garner*, S.D. Texas, 2020 WL 3632482, at *4. It currently houses 1,000 inmates. (MCFP Springfield Information, last checked May 19, 2022). At least 1,009 inmates and 532 staff members have received COVID-19 vaccines and are considered fully vaccinated. (BOP Coronavirus Information; numbers do not include booster shots). Based on the BOP's statistics, all of the inmate population is vaccinated. While Potter is in a congregate setting, the vaccination rate at MCFP Springfield is higher than the 83.6% vaccination rate (percentage of fully vaccinated residents) in LA County (including Carson, California) where Potter wishes to be released. (ECF. 233, PageID.1243; See LA County Public Health Department Vaccination Information (last checked May 13, 2022).
>
> MCFP Springfield has lost 20 inmates over the course of the three-year pandemic, but it is a facility that houses some of the BOP's more vulnerable inmates. (See Statistics last checked May 19, 2022). And while the number of current positive COVID-19 cases fluctuates at any facility, they currently do not have any positive cases (*Id.*) and MCFP Springfield is able to operate at the least restrictive, Level 1 Modified Operations Plan; meaning the medical isolation rate is less than 2%, facility vaccination rate is greater than or equal to 65%, and community transmission rate is less than 50 per 100,000 over the last seven days. No cohorting modifications or social distancing measures are necessary (except in health care and patient care areas); and all services ranging from commissary,

> barber shop, laundry, recreation, and educational programs and work detail have resumed normal operations. *Id*. Other BOP facilities have had to further modify their operations to address widespread outbreaks that are not currently impacting MCFP Springfield.

(Govt.'s Br. at 3-4).

The Government further asserts that the motion should be denied because a consideration of the § 3553(a) factors weighs against release in this case in any event.

**ANALYSIS**

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 24 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant argues that his request for compassionate release should be granted because the ongoing pandemic, combined with his medical conditions, constitutes an extraordinary and compelling circumstance.

Defendant does have documented medical issues, including hypertension. Defendant previously had a stroke, is overweight, and is on dialysis because he suffers from renal disease.

Defendant, however, is in a dedicated medical facility and Defendant has been fully vaccinated. This Court concludes that Defendant's incarceration during the pandemic – when he has been fully vaccinated – does not present an "extraordinary and compelling" reason warranting a sentence reduction in this case. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

Moreover, Defendant's health conditions *are not new developments*; these facts were before this Court at the time of Defendant's sentencing. "[F]acts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction." *McKinnie,* 24 F.4thh at 588

Accordingly, this Court concludes that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

This Court also believes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses weigh against his release. Defendant was convicted of a serious drug offense. Defendant's long remaining sentence also weighs heavily against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote

respect for the law. And this Court already gave Defendant a significant break when it sentenced him to just 46 months when his guidelines were 70 to 87 months imprisonment.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 29, 2022